IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SUSAN RENE CRADDOCK WASHABAUGH, )
                                )
        Debtor/Appellant,        )
                                )
    v.                           )     1:16CV694
                                )
WILLIAM P. MILLER,               )
                                )
        Appellee.                )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motion for Leave to Appeal under 28 U.S.C. 158(a)(3) filed by Debtor/Appellant Susan Rene Craddock Washabaugh ("the Debtor"). (Doc. 2.) William P. Miller, the United States Bankruptcy Administrator, has responded (Doc. 3), and the Debtor has replied. (Doc. 4.) This issue is now ripe for resolution, and for the reasons stated herein, the Debtor's Motion for Leave to Appeal will be denied.

I.   BACKGROUND

The relevant background in this action is taken from the Debtor's motion for judgment on the pleadings, the denial of which is the cause of this motion. (See Mem. in Supp. of Def.'s Motion for Judgment on the Pleadings (Doc. 37) (M.D.N.C. Bankr. Case No. 15-06031). The Debtor filed her Chapter 11 petition on January 31, 2014, listing her former employer, Wake Forest

Baptist Health/N.C. Baptist Hospital ("the Hospital"), as a creditor. (Id. at 1.) The Hospital did not file a claim and the Debtor received her discharge on May 15, 2014. (Id. at 1-2.) However, on April 23, 2015, National Union Fire Insurance Company ("National Union") filed a motion to reopen the Debtor's bankruptcy case in order to permit it to file an adversary proceeding seeking a determination of non-dischargeability. (Id. at 2.) On May 15, 2015, the Bankruptcy Court entered an order reopening the case, and the Bankruptcy Administrator filed a Complaint to revoke the Debtor's discharge. (Id. at 2.) Debtor moved for dismissal on the pleadings, alleging that the Bankruptcy Administrator had no standing to seek a revocation of discharge, and the Bankruptcy Court denied her motion. (See 1:16CV694, Debtor's Mot. for Leave to Appeal, Attach. (Doc. 2-1).) The Debtor then filed the instant motion, seeking leave to appeal the Bankruptcy Court's ruling.

**II. ANALYSIS**

This court's appellate jurisdiction over bankruptcy proceedings is established by 28 U.S.C. § 158, which provides in part that: "The district courts of the United states shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory

orders and decrees, of bankruptcy judges . . . ." 28 U.S.C. § 158(a)(1). Section 158(c)(2) provides further that bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." Given this language and the lack of direct guidance concerning a standard for the grant or denial of leave to appeal interlocutory orders in § 158 itself, courts apply an analysis similar to that employed when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). See, e.g., Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 653-54 (Bankr. E.D. Va. 1996); In re Swann Ltd. P'ship, 128 B.R. 138, 140 (Bankr. D. Md. 1991).

Under this standard, leave to appeal should be granted only when: (1) the appeal involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal would materially advance the termination of the litigation. See In re Biltmore Invs., Ltd, 538 B.R. 706 (Bankr. W.D.N.C. 2015), appeal dismissed (4th Cir. 15-2313) (Feb. 5, 2016).

"The Fourth Circuit has defined a controlling question of law to be one that presents a 'narrow question of pure law whose resolution will be completely dispositive of the litigation,

- 3 -

either as a legal or practical matter, whichever way it goes.'"
In re Charlotte Commercial Grp., Inc., No. 01-52684C-11W,
01-6044, Civ. 1:02CV00343, 2003 WL 1790882, at *2 (M.D.N.C.
Mar. 13, 2003) (quoting Fannin v. CSX Transp., Inc., No.
88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989)).

As to the required substantial grounds for a difference of opinion, "[a]n interlocutory appeal will lie only if a difference of opinion exists between courts on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law." Charlotte Commercial, 2003 WL 1790882, at *3 (internal citation omitted).

Finally, on whether resolution of an issue will materially advance the termination of the litigation, "[i]t is not a particular result which must materially advance the litigation, but the resolution of the disputed question as a whole" that must do so. Atl. Textile Grp., 191 B.R. at 654.

As an initial matter, as the Debtor points out, the Bankruptcy Administrator does appear not to contest the first

factor.[1] (See Debtor's Reply Br. in Supp. of Mot. for Leave to Appeal (Doc. 4) at 2; see also Resp. of the Bankruptcy Administrator to the Defendant/Debtor's Mot. for Leave to Appeal (Doc. 3) at 3 (noting only that the Bankruptcy Administrator disputes "factors three and four.").) As such, for purposes of the instant motion, this court will find that the first factor is satisfied.

Turning to the second factor, the Debtor points to no case law in her favor, and this court can find no case law on this issue at all. Instead, the Debtor offers a statutory interpretation argument that, because Bankruptcy Administrators are not specifically listed as a party that can request the revocation of a discharge under 11 U.S.C. § 727(d), they do not have standing to bring such a motion. However, simply because the Debtor would interpret the applicable law differently than the Bankruptcy Judge does not establish a "substantial ground for difference of opinion." In Re Auto Dealer Servs., Inc., 81 B.R. 94, 96-97 (Bankr. M.D. Fla. 1987); see also In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)("[T]he mere presence of a disputed

---

[1] Note: The test for an interlocutory appeal as set out by this court combines the first two factors of the test as laid out by the Bankruptcy Administrator, namely, that there is (1) a question of law and (2) that question is controlling, into a single factor.

- 5 -

issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."). This court recognizes as true that "when a matter of first impression also ha[s] other grounds for difference of opinion . . . district courts in this circuit have certified the issue for interlocutory appeal." Lynn v. Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612, 624 (D. Md. 2013) (internal quotation marks and citation omitted). However, there are no such grounds in this case. The Debtor is correct that the statute at issue, 11 U.S.C. § 727(d), states the court shall revoke a discharge only "[o]n request of the trustee, a creditor, or the United States trustee," and does not mention a Bankruptcy Administrator. However, as the Bankruptcy Administrator notes, section 317(b) of the Judicial Improvements Act of 1990 states that "[a] bankruptcy administrator may raise and may appear and be heard on any issue in any case under title 11, United States Code . . . ." See Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089 (1990). This provision not only mirrors the language of 11 U.S.C. § 307, which applies to and empowers United States trustees, but the legislative history of the Judicial Improvements Act also explains that section 317(b) "amends the . . . law to give bankruptcy administrators . . .

standing . . . to appear and be heard in the same manner as U.S. Trustees." 136 Cong. Rec. S17570-02 (Oct. 27, 1990) (emphasis added). Given the clear congressional intent, this court finds that there is no substantial ground for a difference of opinion regarding the Bankruptcy Court's decision.

Finally, resolution of this issue will not materially advance the litigation. While the Debtor is of course correct that a ruling in her favor would end the litigation entirely, that fact alone is unpersuasive. As noted above, it is not a particular result which must materially advance the litigation, but the resolution of the disputed question as a whole. Atl. Textile Grp., 191 B.R. at 654. Resolution of this issue, concerning a motion for judgment on the pleadings, will not do so, and the final factor is thus not present in this case.

### III. CONCLUSION

For the reasons stated above, this court finds that the Debtor has failed to show that this court should grant her motion for leave to file to appeal.

**IT IS THEREFORE ORDERED** that Debtor's Motion for Leave to Appeal under 28 U.S.C. § 158(a)(3) (Doc. 2) is **DENIED**.

This the 1st day of September, 2016.

                            _____
                                     United States District Judge